UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*******************************
                               *
JANE DOE,                      *
        Plaintiff              *
                               *
                               *
v.                             *          **C. A. No.  1:26-cv-11013**
                               *
JOHN DOE,                      *
        Defendant              *
                               *
*******************************

## MEMORANDUM OF REASONS IN SUPPORT OF DEFENDANT JOHN DOE'S MOTION TO DISMISS

### INTRODUCTION

Defendant John Doe has moved, pursuant to Fed. R. Civ. P. 12 (b) (6), to dismiss plaintiff's Complaint for failure to state a claim, for the following reasons:

1.    Plaintiff alleges defendant lacks mental capacity.  The two claims plaintiff has brought against defendant require proof of intention.

2.    Plaintiff alleges she has been harmed because defendant has made public disclosures about her relationship with defendant.  At the same time, plaintiff discloses that she has been a party to prior legal actions, which she initiated, and in which she discloses the same information.

3.    Plaintiff alleges harm to her reputation.  But plaintiff has disclosed that she is a party to litigation in which it is alleged she engaged in illegal attempts to deprive defendant of significant property.  Therefore, she is libel proof.

4.    Defendant has a legal right to assert his claims of sexual abuse by the plaintiff when he was a minor child.

5.    Plaintiff's Complaint does not meet the standard for intentional infliction of emotional distress.

6.    Plaintiff has alleged she has been harmed by acts which occurred more than three years prior to the filing of her complaint.  These claims are barred by the applicable statute of limitations.

## FACTUAL BACKGROUND

Defendant was sexually abused by the plaintiff, his mother, when he was 4 to 7 years old.   Defendant attempted to reach a compromise with plaintiff by giving her prior notice of his intention to file suit. Rather than discuss this, upon becoming aware that defendant might file suit against her, plaintiff preemptively filed this suit against him in Essex Superior Court.  At that point, defendant filed his suit in Federal Court, see Docket No.1:26-cv-11011(RGS), and also removed plaintiff's state claim to this court.

## STANDARD OF REVIEW

The applicable standard of review is well known.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. *See Gilbert v. City of Chicopee*, 915 F.3d 74, 80 (1st Cir. 2019) (citations omitted). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

"To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44–45 (1st Cir. 2012) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.' " *Id*. at 44 (*quoting Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible...." *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 103 (1st Cir. 2013) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 14 (1st Cir. 2011)). "The plausibility standard invites a two-step pavane." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (citing Grajales, 682 F.3d at 45). First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Id*. (*quoting Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Secondly, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.' " *Id*. (*quoting Morales-Cruz*, 676 F.3d at 224).

*DeNicola v. Potter*, 2020 WL 3545487, *3 (D. Mass., June 30, 2020).

Additionally,

A motion to dismiss is appropriate where allegations "clearly indicate the existence of an affirmative defense." 5A C. WRIGHT, & A. MILLER, Federal Practice and Procedure § 1357. In such cases, "the complaint is said to have a built-in defense and is essentially self-defeating." *Id*. Professors Wright and Miller note that privilege and immunity are examples of built-in affirmative defenses that are properly considered on a motion to dismiss. *Id*.

*Classic Communications, Inc. v. Rural Tel. Serv. Co., Inc.*, 956 F. Supp. 896, 901

(D. Kan. 1996).

For the reasons set forth below, the Plaintiff's complaint should be dismissed.

## ARGUMENT

### 1. PLAINTIFF'S CLAIMS REQUIRE PROOF OF INTENT

Plaintiff 's two claims, defamation and intentional infliction of emotional distress, are by definition, intentional torts. However, plaintiff goes to great lengths to portray defendant as lacking mental capacity. Indeed, plaintiff brought suit in the Massachusetts Probate Court, specifically alleging defendant's mental incapacity as a basis for changing the provision of an irrevocable trust which would have resulted in defendant being denied the payment of $1,500,000. Unless plaintiff elects which position she asserts, these claims

must be dismissed.

## 2.  PLAINTIFF'S DISCLOSURES MAKE DEFENDANT'S DISCLOSURES MOOT

Plaintiff alleges she has been, and will be harmed in the future, because defendant has made public disclosures about their interactions with each other.  At the same time, plaintiff discloses that she has been a party to prior and pending legal actions, one of which she initiated, and in which she discloses some of the same information about which she complains.  The Massachusetts Probate Court case is referenced in her pleadings.  She also references the Arizona litigation relating to the defendants irrevocable trust.  The latter litigation is an ongoing matter of public record, with a motion argued in open court on March 12, 2026.  In that action the plaintiff is identified, by name, and is alleged to be a co-conspirator with another party for the purpose of illegally depriving the defendant of money due him under his trust.

## 3.  PLAINTIFF'S REPUTATION IS IN ISSUE

Plaintiff alleges harm to her reputation.  But plaintiff has disclosed that she is a party to litigation in which it is alleged she engaged in illegal attempts to deprive defendant of significant property.  By bringing a defamation claim, plaintiff put her reputation at issue, making the state of her reputation and whether she is libel-proof relevant as defendant defends against this claim. *Jackson v. Longcope*, 394 Mass. 577, 580 (1985) ("[A] libel-proof plaintiff is not entitled to burden a defendant with a trial in which the most favorable result the plaintiff could achieve is an award of nominal damages."); *Van Liew v. Eliopoulos*, 92 Mass. App. Ct. 114, 128 (2017) ("The principal question for the jury was the value of [plaintiff]'s destroyed reputation.").

#### 4.  DEFENDANT'S RIGHT TO ASSERT HIS CLAIMS

Wit respect to plaintiff's defamation claim, defendant has a clear right to assert his claims of sexual abuse by the plaintiff when he was a minor child.  The fact that the claim may be perceived by others as a black mark against the plaintiff does not take away defendant's ability to make his statement, however inartfully it may have been done. Massachusetts law addresses the issue this way: a child who is sexually abused has a clearly established right of privacy about the abuse.  See Globe Newspaper Company, Inc. v. Clerk of Suffolk County Sup. Ct, 14 Mass. L. Rep. 315; 2002 Mass. Super. LEXIS 6:

> There can be little doubt that, if a person were publicly to reveal that a particular child had been sexually abused, that child (through his parents or legal guardian) may have a cause of action against that person under G.L.c. 214, §  1B for an "unreasonable, substantial or serious interference with his privacy." Cf.  Doe v. Town of Plymouth, 825 F. Supp. 1102 (D.Mass. 1993) [*19]  (disclosure of HIV status may give rise to civil cause of action). Various statutes protect the privacy of a child from public revelation of his sexual abuse. Reports to the Department of Social Services of child sexual abuse required to be made under G.L.c. 119, § 51A, by professional persons in designated professions are kept confidential and may be made available only with the approval of the Commissioner of the Department or upon court order.  G.L.c. 119, §  51D. Where a minor has gone to court to obtain a court order under G.L.c. 209A to restrain another person from continuing to sexually abuse him, the minor plaintiff's name and address and the case record are impounded unless a court orders otherwise.  G.L.c. 209A, §  8. Police records regarding alleged sexual assaults, whether against a minor or an adult, are not public records.  G.L.c. 41, §  97D.

The perpetrator does not:

> Focusing on the privacy interests alleged, this Court recognizes that, while courts sometimes protect the privacy rights of victims and allow them to use a pseudonym, courts almost never find privacy rights in the alleged victimizers and allow them to proceed with a pseudonym. See Doe v. Diocese Corporation, 43 Conn. Supp. 152, 647 A.2d 1067, 11 Conn. L. Rptr. 519 (Superior Ct. Conn. 1994) (forbidding the use of a pseudonym by a clergy defendant accused in a civil action of child sexual abuse). Certainly, defendants in criminal cases are virtually never permitted to proceed with a pseudonym, even though their reputations, too, may be devastated by the indictment regardless of the verdict. See U.S. v. Maling, 737 F. Supp. 684, 705-06 (D.Mass. 1990) (denying defendant's request to substitute a name other than his own and declaring, "The defendant must live with his name and its attendant reputation"). But see United States v. Doe, 655 F.2d 920, 922 n. 1 (9th

Cir. 1981) (permitting defendant to use pseudonym when he faces a risk of serious bodily harm if his cooperation with the government were to become known). The primary difference [*28]  between the privacy interests of plaintiffs and defendants in cases alleging sexual abuse is that, for a plaintiff, the stigma and other problems that arise from revelation of his identity remain even after he prevails at trial. For a defendant, vindication at trial may not entirely obliterate the memory of the stigma, but it will certainly diminish its force.

### 5.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Massachusetts law imposes liability for intentional infliction of emotional distress when the defendant has engaged in extreme and outrageous conduct, without privilege, causing the plaintiff severe emotional distress. *Limone v. United States*, 579 F.3d 79, 91 (1st Cir. 2009) (*quoting Agis v. Howard Johnson Co.*, 371 Mass. 140, 355 N.E.2d 315, 318 (1976)). Conduct is extreme and outrageous only if it is "beyond all bounds of decency and .... utterly intolerable in a civilized community". *Sena v. Commonwealth*, 417 Mass. 250, 263, 629 N.E.2d 986 (1994).

*Gill v. United States*, 588 F. Supp. 3d 134, 139 (D. Mass., Feb. 24, 2022).

This is a "very high" standard. *Polay v. McMahon*, 468 Mass. 379, 384 (2014).

 "Liability cannot be predicated on 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities,' nor even is it enough 'that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.' " *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 466, 681 N.E.2d 1189 (1997), *quoting Foley v. Polaroid Corp., supra*. Conduct qualifies as extreme and outrageous only if it "go[es] beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Roman v. Trustees of Tufts College*, 461 Mass. 707, 718, 964 N.E.2d 331 (2012), *quoting Foley v. Polaroid Corp., supra*. A judge may grant a motion to dismiss where the conduct alleged in the complaint does not rise to this level. *See Beecy v. Pucciarelli*, 387 Mass. 589, 596, 441 N.E.2d 1035 (1982).

*Id.* Effectuating one's rights as a sexual assault victim through court and related processes can hardly be properly viewed as meeting such a "very high" standard.

### 6.  PLAINTIFF'S CLAIMS ARE SUBJECT TO STATUTES OF LIMITATIONS

Many of plaintiff's allegations relate to acts which occurred, or statements made, more than three years prior to the filing of her complaint.  The Complaint was filed on February 25, 2026.  Claims for acts or statements made prior to February 25, 2023 are

barred by the applicable statute of limitations.  Massachusetts G.L. c. 260, § 2A & 4.

## CONCLUSION

For the reasons stated, defendant respectfully requests the Court to dismiss plaintiff's Complaint.

By his Attorney,

*/s/ Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
276 Union Avenue
Framingham, MA 01702
617-728-9123  / carmen@dursolaw.com
March 18, 2026

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, in accordance with the Court's ECF Administrative Procedures, on March 18, 2026.

/s/ *Carmen L. Durso*
CARMEN L. DURSO