**UNTED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JANE DOE,                                          Civil Action No. 1:26-cv-11013

        Plaintiff,                          Consolidated with:

v.                                                       Civil Action No. 1:26-cv-11011

JOHN DOE,

        Defendant.

**PLAINTIFF JANE DOE'S OPPOSITION TO DEFENDANT**
**JOHN DOE'S MOTION TO DISMISS**

### i.      Introduction

Plaintiff Jane Doe ("Plaintiff") respectfully submits her opposition to Defendant John Doe's ("Defendant") Rule 12(b)(6) motion to dismiss. Defendant's motion fails at every level. It should be denied where it improperly ignores the well-pled allegations of the Complaint which overwhelmingly establish her plausible claims against Defendant and ignores applicable law with regard to defamation and intentional infliction of emotional distress.

Jane Doe filed this lawsuit because her son repeatedly defamed her and intentionally caused her emotional distress by publishing egregious falsehoods to third parties within the period of limitation for a defamation claim – falsely alleging that Plaintiff sexually abused him -- after Defendant first attempted to extort money from her by threatening to publish those falsehoods. Defendant's conduct is extreme, outrageous and actionable.

As discussed below, because Plaintiff has plausibly alleged causes of action against Defendant for defamation and intentional infliction of emotional distress, his motion must be denied.

## ii.    Factual and Procedural History

Jane Doe respectfully refers the Court to her Complaint for a full recitation of her allegations against Defendant. The following is intended as a brief summary of the facts and procedural history.

This action arises out of Defendant's unlawful threats and defamatory conduct towards Plaintiff, his mother, which he accompanied with demands for money and his retaliation against Plaintiff when she refused to give in to his extortionate efforts. *E.g.*, Compl. ¶¶92, 106, 111-115. The Complaint details in chronological order Defendant's unlawful misconduct and alleges in particular that Defendant's conduct took an exponential turn for the worse this past year beginning on or around April 7, 2025, when he published to several third parties the false and heinous allegation that Plaintiff sexually abused him when he was a small child. *Id.* ¶¶ 117-120, 125-128.

The Complaint pleads in detail the threats and actions which preceded and followed Defendant's defamatory publications. For example, within weeks of publishing these serious and destructive allegations, Defendant sent his mother a message acknowledging that things have gotten "out of hand" and threatening that they will "end badly for everyone" unless Plaintiff gave him money. *Id.* ¶123.

In January 2026, Defendant escalated his outrageous and extortionate conduct. Defendant engaged counsel, Attorney Carmen Durso. Mr. Durso sent correspondence to Plaintiff on January 14, 2026, together with a draft of a lawsuit threatening to further make public the false

2

allegations against his mother unless Plaintiff agreed to pay Defendant millions of dollars. Attached hereto as **Exhibit A[1]** are true and accurate copies of the referenced documents. Devastated and under severe distress because of Defendant's mounting threats, Plaintiff engaged counsel to pre-empt her son's extortionate and defamatory campaign to destroy her well-being and reputation.

On February 25, 2026, Plaintiff filed a Complaint for defamation and intentional infliction of emotional distress in Essex Superior Court. She captioned her complaint *Jane Doe v. John Doe*, Civil Action No. 2677CV00236D. She accompanied her filing with an Emergency Motion to Impound her Complaint. Plaintiff's motion was supported by an affidavit making clear the well-founded bases for allowing the case to proceed under a pseudonym and for impoundment.  A true and accurate copy of the Plaintiff's Motion to Impound Complaint, and her Affidavit in Support of Impoundment, are attached as **Exhibits B** and **C[2]**, respectively. The same day, the Superior Court *allowed* her Motion to Impound. *See* a true and accurate copy of the Clerk's Notice attached as **Exhibit D**.

On February 27, 2026, Defendant John Doe filed a Notice of Removal of the state court action to this Court. The Notice of Removal referenced a lawsuit John Doe had simultaneously filed in this Court, a filing he used intentionally to avoid the Superior Court's clear impoundment order so that he could publish Jane Doe's name on the docket. The complaint filed by John Doe alleging sexual assault against Jane Doe can be located under Civil Action No. 1:26-cv-11011. Upon motion by Jane Doe in this Court, that action has been provisionally sealed by this Court (Stearns, J.). *Id.* at Dkt. 14.

---

[1] For purposes of this motion, the parties' names and identifying information have been redacted from the January 14, 2026, letter and accompanying draft lawsuit.

[2] For purposes of this motion, the parties' names have been redacted from the Plaintiff's state court affidavit.

### iii.    <u>Argument</u>

#### a.  *Standard of Review*

The standard of review here is well-known to the Court. A complaint must plausibly set forth claims in order to avoid dismissal at the motion to dismiss stage. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level…." *Id*. at 555. "When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences." *Figueroa v. Cactus Mexican Grill LLC*, 575 F. Supp. 3d 208, 212 (D. Mass 2021). Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true the facts Plaintiff alleged in her Complaint and construe the Complaint most favorable to her. U*rman v. Novelos Therapeutics, Inc.*, 796 F. Supp. 2d 277, 281 (D. Mass 2011). If the facts in a complaint are sufficient to state a cause of action, then a motion to dismiss must be denied. *Id.*

#### b.  *Plaintiff Has Not Alleged Defendant Lacks Mental Capacity*

Defendant incorrectly argues that Plaintiff alleges in her Complaint that Defendant lacks mental capacity and, as such, he somehow cannot be held accountable for the intentional torts of defamation and intentional infliction of emotional distress. Plaintiff, however, nowhere alleges in her complaint that Defendant lacks mental capacity or lacks capacity to be held legally responsible for his actions. Although Plaintiff outlines in her Complaint Defendant's mental health struggles, along with his ongoing gambling and drug addiction history, she does so solely to demonstrate her years-long attempts to try to help her son financially and emotionally, so as to provide context for the way that Defendant has defamed and extorted her and why this has caused her such intense emotional distress. Compl. ¶¶48-49, 55-59.

Given Defendant's escalating gambling and drug addictions, coupled with his lack of self-care, Plaintiff in 2014 petitioned the Probate and Family Court to reform the Defendant's Irrevocable Trust in an effort to preserve the funds for Defendant's long-term use and welfare rather than risk the fund's depletion upon Defendant turning 35 and 40, when Defendant would have access to half, and then all of the remaining Trust balance. *Id.* ¶70 (the "2014 Petition"). In an affidavit filed supporting the 2014 Petition (the "Petition Affidavit"), Plaintiff stated that she sought this reform based "not just on [John Doe's] mental health issues, but also because of his recklessness with money, active drug use and distribution activities, and solicitation of monetary donations online by posting lies about his health and financial circumstances."[3] The court denied Plaintiff's motion as not yet ripe, finding that Defendant had not been under guardianship or proven to be incapacitated or disabled. The court at the time held that Defendant had nine years to clean up his act before he turned 35 and that he was capable of doing so. *Id.* ¶71.  The 2014 Petition that Defendant references in support of his argument for dismissal thus held the *exact opposite* of what Defendant is arguing here: Defendant does not lack mental capacity. While it would be improper in opposing a motion to dismiss, nowhere in Defendant's motion does *he* cite to any court order or other source declaring him legally incompetent. In fact, he retained counsel and is actively pursuing his own claim against the Plaintiff and is currently in litigation with a former Trustee out of state. *Id*. ¶¶ 109, 121.

Defendant cannot have it both ways, and if his argument is to be advanced seriously then there are very real Rule 11 concerns here.  If Defendant is asserting that he is mentally incompetent to participate in this litigation and answer for the claims against him, then he could

---

[3] The supporting documentation quoted and referenced to as part of the 2014 Petition disclose the parties' identities. Should the Court wish to view these supporting documents, the Plaintiff requests that she provide these to the Court under seal.

not have properly authorized his counsel to send the threatening letter and draft complaint to his mother. He could not have lawfully authorized the filing of his own (albeit improper) lawsuit. Knowing of his incapacity, counsel too could not have done any of these things.

In any event, the law is clear that even *if* Defendant does lack mental capacity, he can still be found liable for the claims Plaintiff alleges in her Complaint. "The rule that one who suffers from deficient mental capacity is not immune from tort liability solely for that reason has roots stretching back several centuries into the early common law." *Miele by Miele v. U.S.* 800 F.2d 50, 53, (2nd Circuit 1986). Additionally, "courts are hesitant to introduce into the civil law the confusion surrounding proof of insanity which already exists in criminal law. *Id.* (quoting W.L. Prosser, *The Law of Torts* § 135 at pp. 1000—1 (4th ed. 1971). Even Defendant's assertion of an insanity defense in this case will not help him and his motion should be denied.

### c.  *Prior or Ongoing Litigation Is No Barrier to the Filing of this Lawsuit*

Plaintiff's claims brought here have not been and are not being litigated in another court. Defendant's attempt to suggest otherwise is without merit. Again, as a threshold Rule 11 matter, if Defendant believes these matters are pending elsewhere, then he would be barred from filing his own action in this Court. Importantly, if his motion is allowed here (and it should not be) then his complaint which arises from the same dispute must be dismissed as well.

Plaintiff's claims are not part of the litigation over the irrevocable trust, *none of which makes any reference to allegations of sexual abuse whatsoever*. Plaintiff is not a named party in any of the currently pending Trust-related litigations and certainly does not have any prior or pending litigation concerning sexual abuse allegations by the Defendant or anyone else.

Defendant argues, inaccurately, that Plaintiff's involvement in the 2014 Petition "discloses some of the same information about which she complains." This is a mischaracterization of

6

Plaintiff's Complaint and is false. Plaintiff's Complaint arises from Defendant's recent threats, and the false and defamatory allegations that she sexually abused him as a child. The 2014 Petition was initiated by Plaintiff for the sole purpose of protecting Defendant and ensuring the funds in the Trust would continue to provide for Defendant's needs in the future. In her Petition Affidavit, filed years ago, Plaintiff stated, "I have always loved [John Doe] and always will. If the Court allows my request, the Trust and the trust funds will remain in place and continue to provide for [John Doe's] health, education, maintenance and support, and someday, for his children."

Defendant improperly and contrary to the well-pled allegations of the Complaint attempts to paint Plaintiff as "illegally depriving him of money," when in reality she has worked tirelessly for decades to ensure his financial security and well-being. Irrespective of this issue, which is irrelevant to the pending motion, there is absolutely no reference to sexual assault in the 2014 Petition that would render Plaintiff's recent defamation claims moot or untimely.[4]

### d. Plaintiff Is Not Libel Proof.

Plaintiff is not somehow libel proof, and such an argument ignores the well-pled allegations of the Complaint which lay out Plaintiff's excellent reputation. Compl. ¶¶ 130-133.  For a defamation plaintiff to be libel proof under MA law, Defendant would need to establish that the Plaintiff: (1) already has an existing poor reputation, typically from extensive criminal activity; (2) has substantial previous publicity surrounding the plaintiff's misconduct; (3) is legally immune from additional reputational harm; and (4) exhibits behavioral consistency between the

---

[4] The 2014 Petition and this Complaint necessarily disclose Defendant's history of gambling, drug-use and mental health struggles. These disclosures were significant evidentiary material for the 2014 Petition and serve as important context in this current action as well; however, their disclosure or reference certainly does not make the defamatory harm resulting from Defendant's recent and fabricated false allegations of childhood sexual assault against his mother untimely, nor does it render the Plaintiff somehow "libel proof" a concept which has no application here.

new defamatory statements and the plaintiff's established reputation for specific conduct.

*Jackson v. Longcope*, 394 Mass. 577, 579-580 (1985). There is no basis in the Complaint or anywhere else upon Defendant can raise this defense, let alone prove it, and he certainly cannot do so at the motion to dismiss stage. The Court should reject Defendant's misguided and nonsensical argument, and his motion should be denied.

e.  ***Plaintiff's Complaint More than Plausibly Sets Forth a Claim for Intentional Infliction of Emotional Distress***

Massachusetts law requires that to establish a claim for intentional infliction of emotional distress a plaintiff must allege conduct that "go[es] beyond all possible bounds of decency" and is "utterly intolerable in a civilized community." *Polay v. McMahon* 468 Mass. 379, 386 (D. Mass 2014) (quoting *Roman v. Trustees of Tufts College*, 461 Mass. 707, 718 (D. Mass 2012)). Whether alleged conduct satisfies this standard is typically an issue for the jury. "[W]hen reasonable men could differ on these issues…it is for the jury, subject to the control of the court," to determine whether a Defendant is liable to the Plaintiff under an intentional infliction of emotional distress claim. *Agis v. Howard Johnson Co.* 371 Mass. 140, 145 (1976). Importantly, "Massachusetts law permits a plaintiff to rely on defamatory statements for an intentional infliction of emotional distress claim." *Hayes v. Mirick* 378 F. Supp. 3d 109, 118 (D. Mass 2019).

Plaintiff's Complaint plausibly alleges conduct which is, when proven, beyond all possible bounds of decency and which is utterly intolerable in a civilized society.  To be clear, while this is a civil action, Plaintiff pleads that Defendant's actions crossed a line into criminality via his extortionate threat to accuse his mother, falsely, of sexually abusing him as a small child for the purpose of extorting her for money. Defendant's motion erroneously

8

limits Plaintiff's claim for intentional infliction of emotional distress to the single act of his filing a lawsuit against her while ignoring the full scope of what is actually alleged in Plaintiff's Complaint. In addition to Defendant's threats surrounding litigation, Defendant published his false, defamatory and extortionate allegations to third parties. Plaintiff's Complaint details, for example, the defamatory statements which Defendant made about her to members of her family, including her now 91-year-old mother. Compl. ¶¶117-120, 125-128. These knowingly false and extortionate statements made *by her own son* go beyond all possible bounds of decency, and reasonable jurors can (and will) find they unlawfully caused Plaintiff *severe* emotional distress. *Id.* ¶¶ 152-153. Plaintiff's motion to dismiss should be denied.

### f.  *Defendant's Alleged Harmful Acts and Misconduct Occurred Within the Three-Year Statute of Limitations*

The Massachusetts statute of limitations for defamation is three (3) years. G.L.c. 260, § 4. While Defendant's misconduct dates back years, this does not somehow insulate him from being held accountable for his unlawful conduct undertaken within the period of the applicable statute of limitations. Indeed, "[b]ecause the statute of limitations is an affirmative defense under Fed. R. Civ. P. 8(c)(1), a complaint should ordinarily survive a motion to dismiss based on a statute-of-limitations-defense unless "the pleader's allegations 'leave no doubt that an asserted claim is time-barred.'" *Rice v. Santander Bank, N.A.*, 196 F. Supp. 3d 146, 154 (D. Mass 2016) (quoting *Gorelik v. Costin*, 605 F. 3d 118, 121 (1st Cir. 2010)), quoted in *LaChapelle v. Berkshire Life Ins. Co.,* 142 F. 3d 507, 509 (1st Cir. 1998). Plaintiff has specifically alleged conduct by the Defendant well within the three years preceding the filing of her Complaint.

As set forth in the Complaint, on April 7, 2025 – less than one year ago – Defendant physically traveled to California to the home of his uncle – Plaintiff's brother – to deliver a letter outlining the false and defamatory statement that Plaintiff sexually abused him when he was a child. Compl. ¶ 118. The next day, Defendant also texted screen-shot images of the same letter to his aunt, uncle and cousin to ensure the letter would be read. *Id.* ¶ 119. In that same letter, Defendant stated that he also told his paternal aunts that the Plaintiff sexually abused him. *Id.* ¶ 120. On December 3, 2025 – less than four months ago – Defendant called his elderly maternal grandmother to tell her that Plaintiff sexually abused him and that he intends to file a lawsuit that will be all over the news and in the papers. *Id.* ¶¶125-126. On January 14, 2026, Defendant sent Plaintiff a demand letter threatening to sue her for sexual assault if she did not pay him a large sum of money. *See* Ex. A. While the Complaint includes quotes from emails sent by the Defendant to the Plaintiff throughout the 2010's to demonstrate the degree of abuse and harassment Defendant often exhibited towards his mother, these statements are not the crux of Plaintiff's defamation lawsuit; the statements Defendant published to third parties in 2025, and the lawsuit he threatened to file in 2026, are.

It is unclear from Defendant's motion what acts or statements he contends are supposedly time-barred. Defendant's motion fails to provide a single example. Regardless, Defendant's argument fails because defamation law is clear that even when an alleged defamatory statement is first published beyond the applicable limitations period, a defendant remains liable for further republication during the limitations period. *Appleby v. Daily Hampshire Gazette* 395 Mass. 32 (1985). "Generally speaking, the republisher of a defamatory statement "is subject to liability as if he had originally published it." *Id*. at 36; Restatement (Second) of Torts § 578 (1977). Defendant's statute of limitations argument is without merit, and his motion should be denied.

10

**Conclusion**

For all of the reasons set forth above, the Court should deny Defendant's motion in its entirety.

Respectfully Submitted,

JANE DOE

By her attorneys,

Howard M. Cooper (BBO# 543842)
*hcooper@toddweld.com*
Sandy N. Eid (BBO# 707141)
*seid@toddweld.com*
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
Fax: (617) 227-5777

Dated: April 1, 2026

11

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule 7.1(c), I hereby certify that on April 1, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel or record registered with the Court's CM/ECF system.

Carmen L. Durso
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
276 Union Avenue
Framingham, MA 01702
*carmen@dursolaw.com*